# EXHIBIT A

# STATE COURT DOCUMENTS



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 33663104**
**Date Processed: 03/30/2026**

**Primary Contact:**
Julie Heine
Seyfarth Shaw LLP - Equifax
1075 Peachtree St NE
Ste 2500
Atlanta, GA 30309-3958

**Electronic copy provided to:**

Dana Hantack
Jessica Wiles
Jessica Spurlock
Legal Department
Marteese White
Nadia Reynaga-Moreno
Janise Jordan
Deborah Fataki
Mackenzie Cole
Laura Ratliff
Trent McNeill
Luke Donohue
Dee Davis
Jill Steinberg
Nadia Jenkins-Bey
Elisa Lyons
Mary Stokes

| | |
|---|---|
| **Entity:** | Equifax Information Services LLC<br>Entity ID Number  0635578 |
| **Entity Served:** | Equifax Information Services, LLC |
| **Title of Action:** | Alfonso P. Edwards, Sr. vs. Citibank, N.A. |
| **Matter Name/ID:** | Alfonso P. Edwards, Sr. vs. Citibank, N.A. (18989657) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Richland County Court of Common Pleas, SC |
| **Case/Reference No:** | 2026-CP-40-001894 |
| **Jurisdiction Served:** | South Carolina |
| **Date Served on CSC:** | 03/30/2026 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Dave Maxfield, Attorney, LLC<br>803-509-6800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Dave Maxfield
PO Box 11865
Columbia SC 29211

AN113648560.1.1c-13

**USPS CERTIFIED MAIL**

9214 8901 4298 0470 3561 96

0013648560000011
VIA CERTIFIED MAIL
Corporation Service Company
100 Coastal Drive, Suite 210
Charleston SC 29492

# See Important Information Enclosed



**davemaxfield**
CONSUMER PROTECTION LAW

Dave Maxfield, Attorney, LLC
Phone: 803-509-6800
Fax: 855-299-1656
ConsumerLawSC.com

2191 Pickens Street
Suite 317
Columbia, SC 29201

*Member, National Association of Consumer Advocates*

March 24, 2026

**VIA CERTIFIED MAIL**
Corporation Service Company
100 Coastal Drive, Suite 210
Charleston, SC 29492

RE:    Alfonso P. Edwards, Sr. vs. Citibank, N.A., Experian Information Solutions, Inc.,
       Equifax Information Services, LLC, and Trans Union, LLC
       Case No. 2026-CP-40-01894

Dear Sir or Madam:

Enclosed herewith and served upon you on behalf of **Equifax Information Services, LLC**, is a
filed copy of a **Summons & Complaint** in the above matter.

Sincerely,

s/ Kristy Woodward
Paralegal to Dave Maxfield

Enc.

ELECTRONICALLY FILED - 2026 Mar 24 10:49 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4001894

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |
| ALFONSO P. EDWARDS, SR., | |
| Plaintiff, | Case No. |
| -vs- | |
| CITIBANK, N.A. EXPERIAN INFORMATION SOLUTIONS, INC., EQUFAX INFORMATION SERVICES, LLC, and TRANS UNION LLC, | **SUMMONS** |
| Defendants. | |

TO:    THE DEFENDANT(S) ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you and to serve a copy of your Answer to the said Complaint on the subscriber, David A. Maxfield, Esquire, at his office at 2191 Pickens Street, Columbia, South Carolina 29201, within thirty (30) days after service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the court for the relief demanded in the Complaint. If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: March 24, 2026

ELECTRONICALLY FILED - 2026 Mar 24 10:49 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4001894

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

ALFONSO P. EDWARDS, SR.,

Plaintiff,

v.

CITIBANK, N.A., EXPERIAN
INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION
SERVICES, LLC, and TRANS UNION LLC,

Defendants.

IN THE COURT OF COMMON PLEAS

FIFTH JUDICIAL CIRCUIT

**COMPLAINT**

(Jury Trial Requested)

Plaintiff, Alfonso P. Edwards, Sr. ("Plaintiff"), by and through undersigned counsel, alleges as follows:

## PARTIES

1. Plaintiff is an individual who, at all times relevant to this action, has been a resident of Richland County, South Carolina. Plaintiff was 75 years old at the time of the events giving rise to this action.

2. Defendant Citibank, N.A. ("Citibank") is a national banking association doing business in South Carolina as the issuer and servicer of the My Best Buy® Credit Card at issue, and is a "furnisher" of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2. Citibank regularly furnishes information about My Best Buy Credit Card accounts to consumer reporting agencies.

3. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business in Texas. Experian is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f) and is subject to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

4. Defendant Equifax Information Services, LLC ("Equifax") is a foreign corporation with its principal place of business in Georgia. Equifax is a "consumer reporting agency" as

1

that term is defined in 15 U.S.C. § 1681a(f) and is subject to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

5. Defendant Trans Union LLC ("Trans Union") is a foreign corporation with its principal place of business in Illinois. Trans Union is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f) and is subject to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to S.C. Code Ann. § 14-8-10 et seq., and because Plaintiff asserts claims arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666 et seq. (part of the Truth in Lending Act, 15 U.S.C. § 1601 et seq.), over which this Court has concurrent jurisdiction.

7. Venue is proper in this Court pursuant to S.C. Code Ann. § 15-7-30 because Plaintiff resides in Richland County, South Carolina, and the damages complained of were suffered by Plaintiff in Richland County, South Carolina.

## FACTS

**A. The October 31, 2024, Purchase and Unauthorized Credit Card Charges**

8. On October 31, 2024, Plaintiff visited the Best Buy store located at 10136 Two Notch Rd, Ste 109D, Columbia, South Carolina 29229 to purchase a laptop computer and printer. Plaintiff paid $1,258.73 in full for these items using his debit card.

9. Upon information and belief, without his understanding or consent, at the time of the purchase a Best Buy representative enrolled Plaintiff in a My Best Buy® Credit Card.

10. Plaintiff never received, used, or authorized any charge on the My Best Buy Credit Card. The card account was issued by Citibank and assigned account numbers including, but not limited to, accounts ending in 4430 and 2252.

11. Months after the October 31, 2024, transaction, Plaintiff learned that a charge of $49.99 had been placed on the Best Buy credit card—described on the account statement as "BESTBUY RENEWAL, 888-BESTBUY, COMPUTER SOFTWARE"—without his knowledge or authorization. This charge first appeared on the statement with a closing date of May 13, 2025.

12. Plaintiff never authorized this $49.99 charge or any other charge on the My Best Buy Credit Card. As a direct result of this unauthorized charge, and Citibank's subsequent

2

addition of late fees of $41.00 per billing cycle and interest charges at an annual percentage rate of 31.49%, the account balance grew, and the account was reported as delinquent.

13. By the billing cycle closing July 13, 2025, the balance had grown to $125.21 with $63.00 past due. By the billing cycle closing August 13, 2025, the balance had grown to $169.60 with $108.00 past due. Citibank reduced Plaintiff's credit limit from $2,000.00 to $350.00 citing Plaintiff's "credit performance."

14. As of the date of this complaint, Trans Union's credit report now reflects a maximum delinquency of 90 days in September 2025 for $1,554.00.

15. Plaintiff contacted Citibank on multiple occasions disputing the charges and requesting cessation of collection calls. By letter dated September 13, 2025, Citibank confirmed it had processed Plaintiff's request to stop all collection calls regarding the past due status on the account.

16. On or about September 2025, Citibank closed the account and reversed the outstanding balance, as reflected in the October 13, 2025, statement showing a credit of $215.04 resulting in a zero balance. However, the negative payment history—including reported delinquencies—remained on Plaintiff's credit reports.

## B. Plaintiff's Disputes to the Credit Reporting Agencies

17. On or about December 2, 2025 (Experian) and December 3, 2025 (Equifax and Trans Union), Plaintiff submitted written reinvestigation requests to all three consumer reporting agencies ("CRAs"), referencing the respective credit report numbers and file numbers for each bureau. Plaintiff provided a copy of his South Carolina driver's license and a copy of his Federal Trade Commission Consumer Report (FTC Report No. 194515344) as supporting documentation with each dispute.

18. In his dispute letters, Plaintiff specifically identified the Best Buy/CBNA account (partial account number 603535100111), explained that he had paid for his October 2024 purchases in full by debit card and had not used the credit card, that a $49.00 charge was placed on the card without his authorization, that subsequent charges were equally unauthorized, and that the account was being reported delinquent as a result of charges he never made or authorized. Plaintiff requested that each CRA correct the account balance to $0.00 and remove all delinquency notations and negative reporting related to the erroneous balance.

## C. The CRAs' Deficient Responses

3

19. On or about December 29, 2025, Experian responded to Plaintiff's dispute by stating that the "request regarding your credit information does not appear to have been sent directly by you or to be authorized by you," and that as a "precautionary measure," Experian had "not taken any action" on Plaintiff's dispute. Experian took no steps to reinvestigate the disputed account. This refusal was unfounded: Plaintiff personally signed and submitted the dispute, attaching a copy of his driver's license as proof of identity.

20. By letters dated December 25, 2025, Equifax sent Plaintiff two separate responses. In the first, Equifax advised Plaintiff that it was not blocking the disputed information pursuant to Section 605B(c) of the FCRA, but stated it was contacting each company that had provided the disputed information to verify it on Plaintiff's behalf. In the second, Equifax stated that the documents Plaintiff provided were "illegible" and that the "information you provided as proof of your identity does not match the information, we currently have on your credit file," and requested that Plaintiff resubmit with additional documentation including a pay stub, W-2, or Social Security card with a full nine-digit SSN, and documentation of his current address. Despite receiving Plaintiff's signed dispute with a copy of his driver's license, Equifax refused to complete the investigation.

21. The record does not reflect that Trans Union provided Plaintiff with a written response to his December 3, 2025, dispute or any notice of investigation results within the 30-day period required by 15 U.S.C. § 1681i(a)(1).

22. Despite these disputes, the negative information from the Best Buy/CBNA account—including the reported delinquency history—remains on Plaintiff's credit reports and continues to damage his creditworthiness.

**D. Citibank's Failure to Investigate After CRA Notification**

23. Upon receipt of Plaintiff's disputes from the CRAs, each CRA was required to, and on information and belief did, transmit notice of the dispute to Citibank as furnisher via Automated Consumer Dispute Verification ("ACDV") processes, identifying the disputed information and requesting investigation.

24. Despite receiving this notice, Citibank failed to conduct a reasonable investigation of the disputed charges. Citibank did not adequately review the relevant information bearing on whether the charges were authorized—including the fact that Plaintiff had paid for all purchases at the October 31, 2024 transaction in full by debit card, that Plaintiff had never received or used the credit card, and that the first charge on the card appeared months after the store visit as a subscription-type "renewal" charge he had no basis to anticipate or authorize.

4

25. Citibank verified the disputed account information as accurate and continued reporting derogatory information without conducting a meaningful investigation, in violation of 15 U.S.C. § 1681s-2(b).

**FIRST CAUSE OF ACTION**
**Violations of the Fair Credit Billing Act, 15 U.S.C. § 1666**
**(Against Citibank, N.A.)**

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. The My Best Buy® Credit Card is an "open end consumer credit plan" as defined under the Truth in Lending Act and Regulation Z, and the FCBA applies to Citibank's obligations as the card issuer.

28. The $49.99 charge described as "BESTBUY RENEWAL, 888-BESTBUY, COMPUTER SOFTWARE" that appeared on the billing statement closing May 13, 2025—as well as all subsequent charges, late fees, and interest attributable to that initial unauthorized charge—constitute "billing errors" within the meaning of 15 U.S.C. § 1666(b), in that they reflect charges for goods or services that Plaintiff did not accept, or that were not delivered in accordance with the agreement, and/or charges that Plaintiff did not authorize.

29. Plaintiff notified Citibank of the billing error.

30. Citibank failed to conduct a reasonable investigation of Plaintiff's billing error dispute and failed to correct the error or provide an adequate written explanation within two billing cycles as required by 15 U.S.C. § 1666(a)(3)(B).

31. Citibank, during the pendency of the billing dispute, reported the disputed amount as delinquent to consumer reporting agencies, in violation of 15 U.S.C. § 1666a, which prohibits a creditor from reporting an amount disputed in good faith as delinquent while the billing error dispute is pending.

32. As a direct and proximate result of Citibank's violations of the FCBA, Plaintiff suffered actual damages including damage to his credit score and creditworthiness, inability to obtain credit on favorable terms, collection harassment, emotional distress, and out-of-pocket expenses.

33. Pursuant to 15 U.S.C. § 1640(a), Plaintiff is entitled to recover actual damages; twice the amount of the finance charge in connection with the transaction, in an amount not less than $500 nor greater than $5,000; and reasonable attorneys' fees and costs. Additionally, Citibank's violation of 15 U.S.C. § 1666a independently entitles Plaintiff to forfeiture of the disputed amount and related charges pursuant to 15 U.S.C. § 1666(e).

5

ELECTRONICALLY FILED - 2026 Mar 24 10:49 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4001894

## SECOND CAUSE OF ACTION
### Negligent Violations of the Fair Credit Reporting Act — Furnisher
### 15 U.S.C. § 1681s-2(b)
### (Against Citibank, N.A.)

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35. Citibank is a "furnisher" of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2 and regularly furnishes information about My Best Buy Credit Card accounts to Experian, Equifax, and Trans Union.

36. Upon receipt of Plaintiff's disputes transmitted by the CRAs via ACDV, Citibank was obligated under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation, review all relevant information, and, if the information was found inaccurate or unverifiable, to delete, modify, or block the reporting of that information.

37. Citibank negligently failed to comply with its obligations by: (a) failing to conduct a reasonable investigation of the disputed charges; (b) failing to review relevant information—including Plaintiff's full payment by debit card on October 31, 2024, the nature of the charge as a subscription-type renewal not stemming from a purchase Plaintiff made, and Plaintiff's consistent and documented denial of authorizing any charge; (c) verifying the disputed information as accurate without adequate investigation; and (d) failing to delete, modify, or block reporting of information that a reasonable investigation would have revealed to be inaccurate.

38. As a direct and proximate result of Citibank's negligent violations, Plaintiff suffered actual damages as described herein and is entitled to recovery pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
### Willful Violations of the Fair Credit Reporting Act — Furnisher
### 15 U.S.C. § 1681s-2(b)
### (Against Citibank, N.A.)

39. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

40. In the alternative to the Second Cause of Action, Citibank willfully violated its duties under 15 U.S.C. § 1681s-2(b) by acting with reckless disregard for its FCRA obligations, including: (a) responding to dispute notices with boilerplate verification of accuracy without any meaningful investigation; (b) continuing to report delinquency information on an account where Plaintiff had made documented, repeated, and consistent written and oral representations that all charges were unauthorized; and (c) doing so in its capacity as

a regular furnisher of consumer credit information with institutional knowledge of its FCRA duties.

41. Citibank knew or should have known that its conduct violated the FCRA.

42. As a direct and proximate result of Citibank's willful violations, Plaintiff suffered actual damages and is entitled to statutory damages and punitive damages pursuant to 15 U.S.C. § 1681n.

**FOURTH CAUSE OF ACTION**
**Negligent Violations of the Fair Credit Reporting Act — CRAs**
**15 U.S.C. §§ 1681i, 1681c-2, and 1681e(b)**
**(Against Experian, Equifax, and Trans Union)**

43. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

44. Defendants Experian, Equifax, and Trans Union each owed Plaintiff duties under the FCRA including: (a) the duty to conduct a reasonable reinvestigation upon receipt of Plaintiff's dispute, pursuant to 15 U.S.C. § 1681i; (b) the duty to block information resulting from unauthorized charges upon receipt of proper documentation, pursuant to 15 U.S.C. § 1681c-2; and (c) the duty to follow reasonable procedures to assure maximum possible accuracy, pursuant to 15 U.S.C. § 1681e(b).

45. Experian negligently violated these duties by: (a) refusing to process or investigate Plaintiff's dispute on the unfounded ground that it did not "appear" to have been sent by Plaintiff, despite receiving the dispute with an attached copy of Plaintiff's driver's license; and (b) taking no action whatsoever on a properly submitted consumer dispute in violation of 15 U.S.C. § 1681i.

46. Equifax negligently violated these duties by: (a) refusing to block the disputed information despite receiving Plaintiff's dispute and FTC report documentation; (b) obstructing the reinvestigation by claiming Plaintiff's identity documents were illegible and that his identity could not be verified despite receiving a copy of his driver's license; and (c) failing to complete a reasonable reinvestigation within the statutory period.

47. Trans Union negligently violated these duties by failing to provide Plaintiff with any written notice of investigation results within 30 days of receiving his December 3, 2025, dispute, as required by 15 U.S.C. § 1681i(a)(6), and, on information and belief, failing to conduct or complete a reasonable reinvestigation of the disputed account.

48. As a direct and proximate result of each CRA Defendant's negligent violations, Plaintiff suffered actual damages including damage to his credit score and creditworthiness, inability to obtain credit on favorable terms, time and effort spent attempting to correct

the inaccurate reporting, emotional distress, anxiety, and frustration, and out-of-pocket expenses. Plaintiff is entitled to recovery pursuant to 15 U.S.C. § 1681o.

## DAMAGES

49. As a direct and proximate result of all Defendants' conduct, Plaintiff has suffered and continues to suffer concrete and particularized actual damages, including but not limited to:

a. Damage to his credit score and creditworthiness;
b. Negative credit history—including a reported 90-day delinquency—remaining on his credit reports;
c. Inability to obtain credit on favorable terms;
d. Unauthorized late fees, interest charges at 31.49% APR, and reduction of credit limit from $2,000 to $350 imposed during the dispute period;
e. Time and effort required to address the ongoing credit reporting errors;
f. Emotional distress, anxiety, and frustration caused by collection calls, past due notices, and threatened permanent account closure; and
g. Out-of-pocket expenses related to disputing the inaccurate information.

50. Plaintiff is entitled to statutory damages for willful violations pursuant to 15 U.S.C. § 1681n in the amount of not less than $100 nor more than $1,000 per violation.

51. Plaintiff is entitled to punitive damages against each Defendant that acted willfully, in an amount sufficient to deter similar conduct.

52. Plaintiff is entitled to FCBA statutory damages pursuant to 15 U.S.C. § 1640(a) against Citibank in an amount not less than $500 nor more than $5,000.

53. Plaintiff is entitled to forfeiture by Citibank of the right to collect any disputed amount and all related finance charges pursuant to 15 U.S.C. § 1666(e).

54. Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n, 1681o, and 1640(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against all Defendants on all causes of action;

B. Award Plaintiff actual damages in an amount to be determined at trial;

ELECTRONICALLY FILED - 2026 Mar 24 10:49 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4001894

C.  Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1681n of not less than $100 nor more than $1,000 per willful violation against each CRA Defendant and Citibank;

D.  Award Plaintiff FCBA statutory damages against Citibank pursuant to 15 U.S.C. § 1640(a)(2) in an amount not less than $500 nor more than $5,000;

E.  Award Plaintiff punitive damages against each Defendant found to have acted willfully, in an amount sufficient to deter similar conduct.

F.  Award Plaintiff reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n, 1681o, and 1640(a)(3);

G.  Order each CRA Defendant to correct Plaintiff's credit reports by removing all delinquency notations and negative reporting attributable to the Best Buy/CBNA account;

H.  Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

March 23, 2026

9

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

ALFONSO P. EDWARDS, SR.
                                    Plaintiff,

Vs.

CITIBANK, N.A. EXPERIAN
INFORMATION SOLUTIONS, INC.,
EQUFIAX INFORMATION SERVICES,
LLC, and TRANS UNION LLC,
                                    Defendants

IN THE COURT OF COMMON PLEAS
FIFTH JUDICIAL CIRCUIT

Case No. 2026-CP-40-001894

**CERTIFICATE OF SERVICE**

I, the undersigned employee of Dave Maxfield, Attorney, LLC do hereby swear and affirm that

on **March 24, 2026**, I served the foregoing **Summons & Complaint**, by sending a copy of same

by United States First Class Mail, Certified Delivery, Return-Receipt Requested to the following:

CT Corporation System
160 Mine Lake Ct., Ste. 200
Raleigh, NC 27615
*(on behalf of Citibank, N.A.)*

Corporation Service Company
100 Coastal Drive, Suite 210
Charleston, SC 29492
*(on behalf of Equifax Information Services, LLC)*

CT Corporation System
2 Office Park Ct., Suite 103
Columbia, SC 29223
*(On behalf of Experian Information Solutions, Inc.)*

The Prentice-Hall Corporation System, Inc.
100 Coastal Drive, Suite 210
Charleston, SC 29492
*(on behalf of Trans Union LLC)*

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
_____
Dave Maxfield, Esq., SC Bar No. 7163
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

DATED: March 24, 2026

